UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 19-MJ-442 (SER)

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                     **MOTION FOR DETENTION**

ALEXANDER MICHAEL CARNEAL,

    Defendant.

The United States of America hereby moves the Court to detain Alexander Michael Carneal on the ground that he is both a flight risk and a danger to the community. Carneal is charged by Complaint with one count of Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251, and two counts of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252.

Rebuttable Presumption Contained in 18 U.S.C. § 3142(e)(3)(E)

Special Agent Matt Vogel of the Federal Bureau of Investigation will testify to establish the necessary probable cause. Once probable cause is established, a rebuttable presumption arises under 18 U.S.C. § 3142(e)(3)(E) that detention is appropriate. Carneal must produce evidence to rebut the presumption. Specifically, Carneal bears a limited burden of production to rebut the presumption by coming forward with evidence that he does not pose

1

a danger to the community or a flight risk. *United States v. Abad,* 350 F.3d 793, 797 (8th Cir. 2003). If Carneal meets "his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by" the court. *Id.*

Nature and Circumstances -- 18 U.S.C. § 3142(g)(1)

The other factors for this Court to weigh are found at 18 U.S.C. § 3142(g). Specifically, that code section instructs the Court to weigh the nature and circumstances of the crime, including whether the crime charged involves a crime of violence or a minor victim. *See* 18 U.S.C. § 3142(g)(1). Child pornography crimes are crimes of violence, *see* 18 U.S.C. § 3156(a)(4)(C), and necessarily involve minor victims. This factor weighs in favor of detention. *See Abad,* 350 F.3d at 798 ("[T]he nature of the crime charged – sexual activity with a minor weighs heavily against release").

Weight of the Evidence -- 18 U.S.C. § 3142(g)(2)

Next, the Court considers the weight of the evidence against the person. 18 U.S.C. § 3142(g)(2). The evidence against Carneal is overwhelming. Agent Vogel will testify that in the late spring, early summer of 2019, Carneal engaged in on-line chats soliciting the creation of child pornography from a chat partner, whom Carneal believed had access to minor children. As part of their chats, Carneal distributed child pornography to his chat partner. During

the chats, Carneal boasted about his collection of child pornography. Carneal's deeds and words evidence his guilt.

Agent Vogel will testify that on the morning of July 9, 2019, Carneal was on-line with a chat partner. As directed by Carneal, the chat partner was purporting to create child pornography. Contemporaneously with the chat, law enforcement executed a search warrant at Carneal's residence. Carneal was in his bathroom with his pants down and penis exposed. Both his computer and his phone were next to him in the bathroom. In a Mirandized interview, Carneal confessed. He acknowledged that he had solicited the production of child pornography from the chat partner. He confessed that he had done this before in the past. He estimated that, in the past, he had paid approximately $400 for the production of images of child pornography. He also acknowledged that he had a large collection of child pornography, which he traded on-line. The weight of the evidence weighs in favor of detention.

History and Characteristics-- 18 U.S.C. § 3142(g)(3)

The third factor the Court considers when weighing release or detention is the history and characteristics of the person. 18 U.S.C. § 3142(g)(3). While it is correct that Carneal does not have a criminal history, that is not dispositive. As Agent Vogel will testify, Carneal admitted that he had been collecting child pornography since he was 13 years old. He also previously paid for the production of child pornography. Carneal knew it was wrong, but he did

it anyway. Carneal was committed to collecting and creating child pornography.

During his Mirandized interview, Carneal also indicated that he regularly thought about suicide. According to an agent with the Marshal's Service, while in the cell block awaiting his initial appearance, Carneal indicated that he has a plan for suicide. Carneal's history and characteristics weigh in favor of detention.

Nature and Seriousness of Danger Posed -- 18 U.S.C. § 3142(g)(4)

The next factor the Court considers is the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g)(4). Carneal poses a danger to children if he is released. Carneal told Agent Vogel that he spent up to 10 hours a day on-line. A significant portion of that time was spent chatting with others about child pornography, as well as trading child pornography. Child pornography was an integral part of Carneal's life. There is no reason to believe Carneal will stop simply because law enforcement has learned of his activities. "Detaining adults who prey on children for the adult's sexual gratification or for the production of child pornography is . . . a legitimate government objective. One of the fundamental duties of Government is . . . protecting children from sexual predators." *Abad,* 350 F.3d at 797. Carneal also poses a danger to himself if he is released. As mentioned, he told Agent Vogel that he thinks about suicide on a daily basis. Since being arrested, he

4

indicated to the Marshals that he has a "plan" for suicide. The danger posed by Carneal's release likewise weighs in favor of detention.

Length of Sentence

Finally, the Eighth Circuit held in *Abad* that the sentence a person faces can be considered by the Court in determining release or detention. In that case, defendant was indicted for traveling in interstate commerce to engage in sexual activity with a 13-year-old, in violation of 18 U.S.C. § 2423(b). The Court noted that the 30 year sentence defendant faced "weighs strongly in favor of a finding [defendant] would be a flight risk." *Abad,* 350 F.3d at 799. Here, Carneal faces a minimum mandatory sentence of 15 years and a maximum sentence of 30 years for the attempted production count. *See* 18 U.S.C. § 2251(e). He faces a minimum mandatory sentence of 5 years and a maximum sentence of 20 years for the distribution counts. *See* 18 U.S.C. § 2252(b)(1). His Guidelines are most likely life in prison. The sentence Carneal faces weighs in favor of detention as well.

For the reasons set forth above, the Government moves the Court to detain Alexander Michael Carneal pending the resolution of the charges in this case.

Dated: July 9, 2019

                                        Respectfully Submitted,

                                        ERICA H. MacDONALD
                                        United States Attorney

                                        */s/ Carol M. Kayser*

                                        BY:  CAROL M. KAYSER
                                        Assistant U.S. Attorney